UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY CHAMBERS,<br>    Petitioner,<br>v.<br>ATTORNEY GENERAL, *et al.*,<br>    Respondents. | Case No. 3:22-cv-00097-RCJ-CLB<br><br>**ORDER** |

On February 18, 2022, Gary Chambers, who is incarcerated at Ely State Prison, in Ely, Nevada, submitted to this Court, for filing, a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1) and a motion for appointment of counsel (ECF No. 1-2).

Chambers did not pay the filing fee for this action. He filed an application to proceed *in forma pauperis* (ECF No. 1), but that application is incomplete in that it does not include the required financial certificate signed by an authorized prison officer. The Court will deny the application to proceed *in forma pauperis*. The Court will suspend the matter of the payment of the filing fee until after counsel appears for Chambers.

State prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. It appears to the Court that Chambers will not be able to adequately litigate this action without counsel. The Court finds that appointment of counsel is in the interests of justice. The Court will grant Chambers's motion for

appointment of counsel and will appoint the Federal Public Defender for the District of Nevada (FPD) to represent him.

The Court has examined Chambers' petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents. The Court will order the petition served upon the respondents, and will direct the respondents to appear, but will not require any further action on the part of the respondents at this time.

**IT IS THEREFORE ORDERED** that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1) and the Motion for Appointment of Counsel (ECF No. 1-2).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 30 days from the date of this order to file a notice of appearance, or to indicate to the Court its inability to represent the petitioner in this case.

**IT IS FURTHER ORDERED** that the requirement that Petitioner pay the filing fee for this action or file a new application to proceed *in forma pauperis* is suspended. The Court will set a deadline for payment of the filing fee or filing of a new application to proceed *in forma pauperis* after counsel appears for the petitioner.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to

provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

**IT IS FURTHER ORDERED** that Respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS 25th day of March, 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE