# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GARY CHAMBERS,

Petitioner,

v.

JEREMY BEAN,[1] et al.,

Respondents.

Case No. 3:22-cv-00097-RCJ-CLB

**ORDER**

Petitioner Gary Chambers, a Nevada prisoner, has filed a counseled second-amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 18.) Currently before the court is respondents' motion to dismiss. (ECF No. 30.) Chambers opposed the motion, and respondents replied. (ECF Nos. 37, 40.) In their motion, respondents argue that Chambers failed to exhaust ground 1b, 1c, 1d, 1e, and 7. (*Id*.) For the reasons discussed below, the court grants, in part, the motion to dismiss.

## I.   FACTUAL AND PROCEDURAL HISTORY

In its order affirming Chambers's judgment of conviction, the Nevada Court of Appeals described the crime, as revealed by the evidence at trial, as follows:

> On July 9, 2013, Chambers arrived at the home of Lisa Papoutsis and Gary Bly. Chambers contends that he arrived at the home to purchase methamphetamine, while the State argues based upon the testimony of Papoutsis that it was a robbery. At some point during the visit, an altercation ensued followed by a physical struggle, resulting in Chambers shooting both Bly and Papoutsis at close range with a handgun. Chambers fled the scene. Both Papoutsis and Bly were transported to University Medical Center where Bly was pronounced dead on arrival. Papoutsis, who was shot in the hand, survived.

---

[1] The state corrections department's inmate locator page states that Chambers is incarcerated at High Desert State Prison. Jeremy Bean is the warden for that facility. At the end of this order, this court direct the clerk to substitute Jeremy Bean as a respondent for Respondent State of Nevada under Federal Rule of Civil Procedure 25(d).

(ECF No. 29-6 at 2.)

The jury found Chambers guilty of second-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon, and ownership or possession of a firearm by a prohibited person. (ECF No. 28-10.) Chambers was sentenced to life in prison without the possibility of parole. (*Id*.) Chambers appealed, and on July 24, 2019, the Nevada Court of Appeals affirmed. (ECF No. 29-6.)

On March 24, 2021, Chambers filed a proper-person post-conviction habeas corpus petition and supporting memorandum in the state district court. (ECF Nos. 29-27, 29-28.) The state district court denied the petition without appointing counsel and without an evidentiary hearing. (ECF No. 29-33.) Chambers appealed, and the Nevada Court of Appeals affirmed on February 3, 2022. (ECF No. 29-44.)

Chambers filed his counseled second-amended petition before this court on November 18, 2022. (ECF No. 18.) In his second-amended petition, Chambers alleges the following grounds for relief:

 1a. His trial counsel failed to consult and communicate.
 1b. His trial counsel failed to interview witnesses.
 1c. His trial counsel failed to file a pre-sentence motion to withdraw his guilty plea.
 1d. His trial counsel failed to effectively advise him to testify.
 1e. His trial counsel failed to investigate and prepare witnesses for sentencing.
 2. His trial counsel failed to request an instruction concerning testimony by a methamphetamine addict.
 3. He was denied the right to due process, a fair trial, and to present a defense due to the trial court's ruling allowing the prosecution to cross-examine him about his prior convictions if he testified.
 4. The trial court erred in allowing a witness to testify via video teleconference.
 5. The trial court erred in allowing a witness's preliminary hearing testimony to be read into evidence at trial.
 6. The prosecution committed misconduct during closing arguments.
 7. There were cumulative errors.

(ECF No. 18.)

## II.     EXHAUSTION LEGAL STANDARD

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")).

A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

## III.    DISCUSSION

Respondents argue that grounds 1b, 1c, 1d, 1e, and 7 are unexhausted, warranting dismissal. (ECF No. 30 at 7.) Chambers argues that grounds 1b, 1c, 1d, and 1e are technically

exhausted but procedurally defaulted and that he can overcome the default under *Martinez v. Ryan*. (ECF No. 37 at 2.) And regarding ground 7, Chambers argues that this court should consider his cumulative error claim regardless of whether it was presented to the state courts. (*Id*.) This court will address these arguments in turn.

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Chambers would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause

to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Chambers advances only *Martinez* as a basis for excusing the anticipatory default of grounds 1b, 1c, 1d, and 1e. (*See* ECF No. 37 at 4.) Accordingly, the court considers grounds 1b, 1c, 1d, and 1e to be technically exhausted and procedurally defaulted. Chambers demonstrates cause under *Martinez* because he had no counsel during his initial-review collateral proceeding. Thus, this court finds that Chambers has arguably met three of the elements under *Martinez*: (1) he had no counsel during his initial-review collateral proceeding, (2) his state post-conviction petition was the initial proceeding regarding claims of ineffective assistance of trial counsel, and (3) Nevada law requires that a claim of ineffective of assistance of trial counsel be raised in a post-conviction habeas corpus proceeding. However, because the analysis of prejudice under *Martinez* to overcome the procedural default of grounds 1b, 1c, 1d, and 1e is necessarily intertwined with the merits of those grounds, the court defers a determination of the fourth element of *Martinez*: whether the claims of ineffective assistance of trial counsel are substantial.

Turning to ground 7, as a reminder, Chambers argues that the cumulative effect of the trial court *and* trial counsel errors denied him the right to due process and a fair trial. (ECF No. 18 at 32.) Chambers raised a cumulative trial *court* error claim on direct appeal. (*See* ECF No. 29-6 at 18 n.9.) However, as respondents correctly note, Chambers has not presented an all-encompassing cumulative error claim to the state courts. (*See* ECF No. 30 at 9.) Thus, to the extent that ground 7

incorporates trial *counsel* errors, it is unexhausted. Chambers contends that regardless of ground 7 being partially unexhausted, this court should conduct a cumulative error analysis because "[t]he failure to undertake this analysis would contravene Supreme Court and Ninth Circuit precedent." (ECF No. 37 at 10.) However, contrary to Chambers' contention, cumulative errors claims are not exempt from exhaustion requirements. *See Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008).

Accordingly, because Chamber's second-amended petition contains both exhausted and unexhausted claims, Chambers has three options for going forward: (1) he may submit a sworn declaration voluntarily abandoning the unexhausted portion of ground 7, (2) he may return to state court to exhaust the unexhausted portion of ground 7, in which case his federal habeas petition will be denied without prejudice,[2] or (3) he may file a motion asking this court to stay his exhausted federal habeas claims while he returns to state court to exhaust the unexhausted portion of ground 7.[3] *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that a federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition).

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **[ECF No. 30] is granted, in part,** as follows: (1) grounds 1b, 1c, 1d, and 1e are technically exhausted and procedurally defaulted and (2) ground 7 is unexhausted to the extent it includes trial counsel error. The court defers consideration of whether Chambers can demonstrate cause and prejudice under

---

[2]This Court makes no assurances as to the timeliness of any future-filed petition.

[3]If Chambers wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether or not his unexhausted claim is plainly meritless. Respondents would then be granted an opportunity to respond, and Chambers to reply.

*Martinez v. Ryan* to overcome the procedural default of grounds 1b, 1c, 1d, and 1e until after the filing of an answer and reply in this action.

**IT IS FURTHER ORDERED** that Chambers has 30 days from the date of this order to inform the court how he wishes to proceed on the unexhausted portion of ground 7 as outlined previously in this order. If Chambers chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond according to Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Chambers elects to abandon the unexhausted portion of ground 7, pursuant to this court's scheduling order [ECF No. 9], respondents have 60 days from the date of abandonment in which to file an answer to second-amended petition. Chambers will then have 30 days following the filing of an answer to file a reply.

**IT IS FURTHER ORDERED** that the Clerk substitute Jeremy Bean for Respondent State of Nevada.

Dated:   January 4, 2024

ROBERT C. JONES
UNITED STATES DISTRICT COURT